## ROONEY v. THOMSON.

(Supreme Court, Appellate Term.　June 22, 1903.)

1. WRITTEN CONTRACT—PAROL EVIDENCE—ADMISSIBILITY.　　'

The terms of a written contract expressing the whole agreement of the parties cannot be varied or contradicted by parol evidence.

2. SAME—AMBIGUITY—PAROL EVIDENCE.

In a written contract plaintiff represented himself to be the sole proprietor of certain discoveries and appliances. He sold to defendant the sole right to use the same in Europe for a specified sum and a certain per cent. of the stock of any corporation defendant might form in London or elsewhere, or the same per cent. of the profits of the business defendant might do by the use of the discoveries and appliances. He also agreed to put up four complete "plants" free of cost to defendant in London. *Held*, that the word "plant" meant the discoveries and appliances sold to defendant, and therefore there was no ambiguity rendering parol evidence admissible to explain its meaning.

3. SAME.

Parol evidence was admissible on the subject whether an alternator and a motor were part of the appliances in use at the time the contract was made.

4. SAME.

Where a written contract required plaintiff to furnish defendant, free of cost, certain appliances, parol evidence of an oral agreement that the appliances should be paid for was inadmissible.

5. SAME—SUBSEQUENT PROMISE—CONSIDERATION.

An agreement by defendant, subsequent to the execution of a written contract whereby plaintiff agreed to furnish certain appliances free of cost, that he would pay for them a specified sum, was without consideration.

Appeal from City Court of New York.

Action by John Rooney against William S. Thomson. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Wilson & Wallis (Geo. E. Corey, of counsel), for appellant.

Lewis J. Morrison, for respondent.

TRUAX, J.　This judgment should be reversed for errors of law. The plaintiff alleges that in March and April, 1901, he paid, laid out, and expended certain sums of money for the benefit of the defendant in the construction of an electric alternator, in the construction of an electric motor, and for other things.　The evidence shows that on the 4th day of December, 1900, the plaintiff and the defendant entered into a written contract.　On this contract the plaintiff represented himself to be "the sole proprietor of the discoveries and appliances now in use at 45 West 34th St., New York City, by the Electro Theurapeutic Ozone Co.," and sold to the defendant the sole and exclusive right to use the same in the United Kingdom of Great Britain and on the continent of Europe for the sum of $10,000 and 20 per cent. of the stock of any corporation that the defendant might form in London or elsewhere in Europe, or 20 per cent. of the net profits of any business he (the defendant) might do by the use of the said discoveries and appliances.　In this contract the plaintiff also

agreed to put up four complete plants free of cost to the defendant in the city of London, England, and to put the same in successful operation. The defendant agreed to pay the plaintiff the sum of $10,000 and to bear the expense of putting in certain cabinets.

The written contract of December 4, 1900, was a complete instrument, which purports to and did express the whole agreement of the parties, and therefore it was error to admit parol evidence to vary or contradict its terms. By the second clause of the contract the plaintiff agreed to put up four complete plants free of cost to the defendant. On the theory that the meaning of the word "plant," as used in this contract, is so indefinite that parol evidence was competent to explain what the parties had in mind, the trial court allowed the plaintiff to testify to his conversations and negotiations with the defendant both before and at the time of the execution of the contract, and then left the construction of the contract to the jury. The court ignored the fact that the contract itself defined the meaning of the word. In the first clause the plaintiff sells to the defendant the exclusive right to use certain discoveries and appliances which were then in use in the plaintiff's business in New York, and in the second clause he agrees to install for the defendant, free of cost, four complete "plants" in London. There is no ambiguity or indefiniteness involved in the word "plant" as used in this connection, because it can refer only to the "appliances" mentioned in the first clause. The Century Dictionary defines the word "plant" as "the fixtures, machinery, tools, apparatus, appliances, etc., necessary to carry on any trade or mechanical business, or any mechanical operation or process." If, instead of using the word "plant" in the second clause of the contract, the plaintiff had used the equivalent word "appliances," it would have been impossible to say that he intended to use the word in a sense different from that intended by the same word in the first clause. The only uncertainty on the face of the contract, so far as this case is concerned, is whether an alternator and a motor were part of the appliances in use at 45 West Thirty-Fourth street, New York, when the contract was made, and that uncertainty was removed by the plaintiff's evidence that they were in use there at that time. Nothing then remained to be explained by parol evidence, and the plaintiff's testimony about his negotiations and conversations with the defendant prior to the execution of the contract were clearly incompetent, and should have been stricken out. The obvious effect of this evidence was to give the jury the idea that the defendant knew the alternator and motor were not to be furnished by the plaintiff under the written contract, but were to be furnished under a special agreement wholly outside of the contract. In other words, although these appliances were, beyond dispute, among those in use in the plaintiff's business, and so within the terms of the contract, and although the plaintiff did supply the defendant with precisely the same appliances with those in use at that establishment, yet the plaintiff was permitted to say, in effect, that the alternator and motor were not furnished in performance of the written contract, but under a prior oral understanding, arrived at in the course of negotiations leading up to the contract, and in direct conflict with the terms of the con-

tract. This testimony was clearly incompetent, and it was error to admit it. Brantingham v. Huff, 174 N. Y. 53, 66 N. E. 620, and cases therein cited.

The contract purports to express the entire agreement of the parties. The defendant was to pay $10,000, provide a suitable house in London for the establishment of the business there, and furnish the cabinets, and the plaintiff was to furnish the other appliances, and put them in successful operation, free of cost to the defendant. Proof of an oral agreement that the alternators and motors should be excluded from the appliances to be furnished under the contract would not be supplementary to or explanatory of any of the provisions of the contract as actually made, but would be contradictory thereto, and inconsistent with the obligations of the plaintiff as expressed in the written instrument, and should not have been received. The only appliance that was expressly excepted from the general language of the first and second clauses of the contract was the cabinets. The seventh clause provides that, "It is understood and agreed that Mr. Thomson shall be at the expense of putting in the cabinets." On the familiar principle of construction the exception of one of the appliances from the operation of the agreement is consistent only with the inference that the parties intended to include all the others. Any promise or agreement by the defendant subsequent to the execution of the written contract to pay or become liable to pay for the alternator or motor, except as provided by the contract, was without consideration, and was void, and the evidence of such agreement was irrelevant and immaterial, and should have been stricken out.

The judgment and order are reversed, and a new trial is ordered, with costs to the defendant to abide the event. All concur.